## Case No. 7,206.

The JANE CAMPBELL.

[Blatchf. Pr. Cas. 130.] [1]

District Court, S. D. New York. March, 1862.

BETTS, District Judge. On the decision of this case upon the preparatory proofs [Case No. 7,205], an order was granted by the court, at the instance of the advocates for the libellants, that they have leave to put in further proofs, "such further proof being limited to evidence tending to show that the voyage in question in this suit was set on foot and prosecuted by the claimant with intent, on his part, to violate the blockade in question in

said suit." The district attorney presented in court, and examined orally, under oath, Thomas E. Corsen, John G. Williams, and William R. Hinman, neither of which witnesses, on his direct or cross-examination, testified to any fact within his knowledge, or to any declaration or admission of the claimant, tending to prove any culpable act or guilty knowledge of the claimant in respect to the alleged attempt to violate the blockade inquired about. The testimony of the witnesses was directed to the impeachment or disparagement of the testimony of Captain Harris, of the schooner, given on his examination in preparatorio. Two observations must be applied to the attempt: (1) The impeachment of the witness is not by positive evidence against his general integrity of character for truthfulness or individually, but by testimony which is claimed as evincing, by implication or inference, that he had acted as master of an American vessel, and that he must, therefore, have sworn falsely in asserting that he was a British subject at the time his testimony was given, because, as such, he could not be legally a master of an American vessel.

The testimony of the one witness to the circumstance of Harris having been in command of an American vessel is destitute of certainty or clearness as to time and manner; nor is the fact necessarily incompatible with his sworn assertion, that he was a British subject, so as to require the conclusion that his statement was wilfully false, and destructive to his credibility as a witness in this suit. I perceive nothing in the further proofs that calls for or justifies a rejection of the conclusion adopted by the court on the first hearing of the cause on the merits; and the application on the part of the libellants to recall or vary that decision is denied.